DA 12-0488

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 84

IN THE MATTER OF:

P.A.C.,

      Respondent and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. DDI 12-52
Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         Colin M. Stephens, Smith & Stephens, P.C., Missoula, Montana

      For Appellee:

         Timothy C. Fox, Montana Attorney General; Tammy A. Hinderman, Assistant Attorney General, Helena, Montana

         Leo J. Gallagher, Lewis and Clark County Attorney, Helena, Montana

Submitted on Briefs:  March 6, 2013

Decided:  April 2, 2013

Filed:

_____
              Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 P.A.C. appeals from the District Court's Findings of Fact, Conclusions of Law and Order filed July 20, 2012, committing her to the Montana State Hospital for a period not exceeding 90 days.

¶2 The issue on appeal is whether the District Court obtained a proper waiver from P.A.C. or her attorney pursuant to § 53-21-119(1), MCA, before allowing her to be voluntarily absent from her commitment hearing. We reverse.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 On July 14, 2012, P.A.C. appeared at the emergency room of St. Peter's Hospital in Helena, Montana, and was voluntarily admitted to the Behavioral Health Unit. P.A.C. engaged in disruptive and threatening behavior while at the Hospital. She was detained and transferred to the Montana State Hospital (MSH). On July 18, 2012, the State petitioned the District Court to commit P.A.C. to MSH for 90 days based upon the report of a professional person from the Behavioral Health Unit. On July 18 P.A.C. made her initial court appearance on the Petition from MSH via the VisionNet video conferencing system. The District Court appointed counsel to represent her, informed her of her rights pursuant to § 53-21-115, MCA, including the right to be present at the commitment hearing. P.A.C. raised her hand and asked if she could ask a question, and then asked for an explanation of a "72-hour police hold." The Judge indicated that he would not answer questions, ordered an evaluation by a professional person and set the commitment hearing for the next day.

2

¶4     P.A.C. was transported to the Lewis & Clark County Courthouse in Helena for the evaluation and commitment hearing set for July 19, 2012. She would not cooperate with the court-ordered evaluation, asserting that there was nothing wrong with her and that she only needed alcohol and marijuana. Even though P.A.C. was present in the Lewis & Clark County Courthouse for the examination, she did not appear at the commitment hearing held in the same building later the same day. At the start of the commitment hearing P.A.C.'s attorney informed the District Court that she had met with P.A.C. and informed her "of all her rights, including the right to be present, and she declined." Without further inquiry, the District Court proceeded with the hearing.

¶5     The Psychiatric Nurse Practitioner who testified as the professional person at the hearing described P.A.C.'s voluntary admission to the Behavioral Health Unit, and that she was grandiose, psychotic and agitated. P.A.C. refused to cooperate in the evaluation, rejected medication while asking for alcohol and marijuana, and was abusive and threatening to other patients and staff. She maintained that there was nothing wrong with her. While she had a history of bi-polar disorder, her diagnosis was psychosis not otherwise specified, based upon her refusal to cooperate. The professional person opined that P.A.C. needed commitment and medication to stabilize her behavior and to lessen the chance that she would provoke a dangerous confrontation with others.

¶6     P.A.C. contends that the District Court erred and violated her right to due process by proceeding with the commitment hearing without first "obtaining a valid waiver" of her right to be present under § 53-21-119, MCA.

**STANDARD OF REVIEW**

3

¶7      This Court undertakes plenary, sometimes called de novo, review of due process claims arising from involuntary civil commitments, to determine whether the district court's action was correct. *In the Matter of L.K.*, 2009 MT 366, ¶ 11, 353 Mont. 246, 219 P.3d 1263.

## DISCUSSION

¶8      A person who is the subject of a petition for involuntary commitment has express statutory rights, including the right to be present at any hearing. Sections 53-21-115 and -116, MCA. Any of these rights may be waived except for the right to counsel and the right to treatment. *In re the Mental Health of C.R.C.*, 2009 MT 125, ¶ 21, 350 Mont. 211, 207 P.3d 289. Section 53-21-119, MCA, governs the waiver of rights in commitment proceedings, and describes the waiver of rights in several different situations. The first clause of § 53-21-119(1), MCA, provides: "A person may waive the person's rights . . . ." Therefore, a person who is the subject of the petition for involuntary commitment has the right to waive his or her own rights, which necessarily includes the right to attend any proceedings. The second clause of § 53-21-119(1), MCA, provides: ". . . or if the person is *not capable* of making an intentional and knowing decision," (emphasis added) then the person's rights may be waived by the person's attorney and friend[1] "if a record is made of the reasons for the waiver."

¶9      Section 53-21-119(2), MCA, provides that the right of the person to be "physically present at a hearing" may "also" be waived by agreement of the person's attorney and the

4

person's friend, with the concurrence of a professional person and the judge. In that instance the judge must make a finding that the person would likely be seriously adversely affected by appearing at the hearing and a finding that holding the hearing in an alternative location would not prevent those adverse effects. This Court requires strict adherence to these statutory requirements because of the important constitutional rights they represent. *In the Matter of L.K.-S.*, 2011 MT 21, ¶ 15, 359 Mont. 191, 247 P.3d 1100; *In the Matter of R.F.*, 2013 MT 59, ¶ 17, 369 Mont. 236, __ P.3d __.

¶10    P.A.C. does not contend that § 53-21-119(2), MCA, applies to her case and there is also nothing in the record to indicate that attending the hearing would have seriously adversely affected her mental condition. P.A.C. expressly concedes that there is nothing in the record to indicate that she was "not capable" of waiving her right to be present at the commitment hearing so as to trigger the second clause of § 53-21-119(1), MCA ("if the person is not capable of making an intentional and knowing decision. . . ."). Thus this case presents a situation covered by the first clause of § 53-21-119(1), MCA, which allows the person who is the subject of a petition for involuntary commitment to waive her rights, including the right to be present at the commitment hearing.

¶11    In the recent case of *In the Matter of R.W.K.*, 2013 MT 54, 369 Mont. 193, __ P.3d __, the respondent's attorney represented to the district court that her client, while actually present at the hearing, wished to "waive his rights" and would stipulate to the allegations in the petition for involuntary commitment. The District Court found that R.W.K. "understands

---

[1] The district court judge may appoint a friend for the person who is the subject of a petition for involuntary commitment, § 53-21-122(2)(b), MCA, but is not mandated to do so, *In the Matter of C.R.*, 2012 MT 258, ¶ 22, 367 Mont. 1, 289 P.3d

all procedural rights and that he waives these rights knowingly." *Matter of R.W.K.*, ¶ 10. This Court found that there was "no error in the District Court's reliance on R.W.K.'s counsel's representations" concerning the intent to waive. *Matter of R.W.K.,* ¶ 24. It follows that when the person who is the subject of a petition for involuntary commitment is capable of making a waiver decision, then the person's attorney may convey to the court the person's desire to waive the right to be present at the commitment hearing. However, § 53-21-119(1), MCA, "does not specify the type or level of inquiry necessary to constitute an intentional and knowing waiver." *Matter of R.W.K.,* ¶ 21.

¶12     While P.A.C.'s attorney could inform the District Court of P.A.C.'s desire to waive her right to be present, we conclude that the District Court should have made further inquiry to determine whether P.A.C. was capable of making an intentional and knowing decision. In *In the Matter of R.W.K.*, his attorney stated to the district court, in R.W.K.'s presence, that she believed that R.W.K. understood his rights and the nature of the proceeding, even though suffering from a mental disorder. The attorney explained that she had discussed this twice with R.W.K. and he wished to waive his rights and to stipulate to the petition for commitment. *Matter of R.W.K.*, ¶ 9. The district court found, based upon the attorney's "representations and the files and records," that R.W.K. "intelligently waived his rights."

¶13     While P.A.C.'s attorney properly informed the District Court that her client wished to waive her right to be present at the commitment hearing, there is nothing in the record to provide confirmation that P.A.C. was capable of making a knowing and intelligent waiver, despite the State's contention that she should be involuntarily committed. While § 53-21-

6

119(1), MCA, "does not specify the type or level of inquiry necessary to constitute an intentional and knowing waiver," *Matter of R.W.K.,* ¶ 21, we determine that the District Court and the parties must make some record that the person who is the subject of the petition for involuntary commitment is capable of making a knowing and intelligent waiver of rights. Both sides in the case, as well as the district court, have an obligation to insure that the record contains some support that the waiver was intentional and knowing. Doing so protects not only the rights of the person who is the subject of the petition, but also protects the integrity of the proceeding.

¶14    The nature and extent of the record will depend upon the facts and circumstances of each case. The record does not necessarily have to reflect anything more than what was done in *Matter of R.W.K.*—counsel's representation that she had discussed the matter with her client; that the client desired to waive his rights; and that the attorney was satisfied that her client understood his rights and the nature of the proceeding. In some cases the capacity of the person to waive her rights may be in doubt and a more diligent inquiry will be appropriate, perhaps involving input from the professional person who evaluated the respondent.

¶15    Nor is it necessary that the respondent be required to attend the proceeding against her will. Obviously there is no reason to require a respondent like P.A.C. to attend the hearing before her attorney can inform the court that she waives her right to be present. Such a requirement would elevate form over substance and would be a disservice to the respondent who does not wish to attend.

¶16    However, it is necessary, as in *Matter of R.W.K.,* that the district court satisfy itself that the waiver is intentional and knowing, and that the record reflect the district court's acceptance of the sufficiency of counsel's representations as to the waiver, or of any other evidence presented on the issue.

¶17    For the reasons stated above, the final order of the District Court committing P.A.C. to the Montana State Hospital is reversed.

/S/ MIKE McGRATH

We concur:

/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS